**Willene Bear ORTIZ; Jose Ortiz, Jr., a minor by and through his Guardian Ad Litem Sylvia Ortiz, Plaintiffs—Appellants,**

v.

**ROYAL MACCABEES LIFE INSURANCE COMPANY, Defendant—Appellee.**

No. 00-56785.

D.C. No. CV-00-03035-JSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2002.

Decided April 1, 2002.

---

1. The Masagungs' motion for judicial notice of a related SEC filing is denied.

全page

Before TROTT, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Willene Bear Ortiz and Jose Ortiz, Jr. (collectively "Appellants") appeal the district court's grant of summary judgment in favor of Royal Maccabees Life Insurance Company ("Royal Maccabees") as to their claims for, *inter alia,* breach of insurance contract, wrongful death, professional negligence, and punitive damages. We review the district court's grant of summary judgment de novo. *Balint v. Carson City,* 180 F.3d 1047, 1050 (9th Cir.1999) (en banc). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. *Id.* We have jurisdiction pursuant to 28 U.S.C. § 1291.

Appellants first argue that the district court erred in finding that there were no triable issues of material fact as to their contract and bad faith claims. We agree. Royal Maccabees denied disability benefits to Dr. Ortiz on the ground that he was not under the "regular care" of a physician. Under the policy, "regular care" means "care and treatment as required by the physician." Under the section entitled, "Exceptions Reductions and Limitations Of This Policy," the insurance contract provides:

We pay no benefits for Disability or Loss:

– Unless you are under the regular care of a physician other than yourself. This requirement may be waived under the terms of this policy.

The reasonable expectations of the insured are to be protected. *See Saltarelli v. Bob Baker Group Med. Trust,* 35 F.3d 382, 386–87 (9th Cir.1994); *Cal–Farm Ins. Co. v. TAC Exterminators, Inc.,* 172 Cal. App.3d 564, 572–73, 218 Cal.Rptr. 407 (1985). Moreover, "[a]ccording to the law of California and, indeed, every other state as well as the District of Columbia, ambiguities in insurance contracts must be construed against the insurer. This rule of *contra proferentem* has been called 'the most familiar expression in the reports of insurance cases.' " *Kunin v. Benefit Trust Life Ins. Co.,* 910 F.2d 534, 538–39 (9th Cir.1990) (quoting 2 G. Couch et al., *Couch on Insurance 2d,* § 15:74, at 334 (rev. ed.1984)) (footnote omitted); *see also State Farm Mut. Auto. Ins. Co. v. Partridge,* 10 Cal.3d 94, 101–02, 109 Cal.Rptr. 811, 514 P.2d 123 (1973).

Dr. Ortiz visited Dr. Hernandez on seven occasions during the months of February, March, and April, 1998. Additionally, the record details that Dr. Hernandez had prescribed Valium to Dr. Ortiz, which he "continued to take ... until the time of his death." Although six months had elapsed between the last time Dr. Ortiz saw his physician and the date of his suicide, there is a triable issue of fact as to whether, in light of these facts and the applicable rules of contract interpretation, Dr. Ortiz remained under the "regular care" of Dr. Hernandez.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

■ We also agree that the district court erred in finding no triable issues of material fact as to the claims for wrongful death. To prevail on a wrongful death claim, Appellants must prove that Royal Maccabees' conduct was a substantial factor in causing Dr. Ortiz's death. *Bromme v. Pavitt*, 5 Cal.App.4th 1487, 1498, 7 Cal. Rptr.2d 608 (1992). Under California law, Royal Maccabees' conduct may be found to be a substantial factor in causing Dr. Ortiz's death even though Dr. Ortiz committed suicide. *See Wilson v. Blue Cross*, 222 Cal.App.3d 660, 672, 271 Cal.Rptr. 876 (1990) (where an insured was denied hospitalization benefits and thereafter committed suicide, a cause of action for wrongful death may arise if the conduct of the insurance company or its agents was a substantial factor in bringing about the suicide).

Appellants presented more than a scintilla of evidence linking Royal Maccabees to Dr. Ortiz's suicide, including, Dr. Ortiz's own statement to the insurance company that his life depended on it fulfilling its obligations under the disability contract. In light of the foregoing, summary judgment was also inappropriate as to Appellants' punitive damages claim. *See Pistorius v. Prudential Ins. Co.*, 123 Cal.App.3d 541, 555–56, 176 Cal.Rptr. 660 (1981) (breach of covenant of good faith sufficient to support award of punitive damages).

■ We disagree with Appellants' argument that triable facts exist as to the claims for professional negligence and promissory fraud against the insurer's agent. An insurer (or its agent) is not required to offer any particular coverage unless certain specific conditions exist (such as that the insured asked for such coverage). *Fitzpatrick v. Hayes*, 57 Cal. App.4th 916, 927, 67 Cal.Rptr.2d 445

(1997); *see also Tenzer v. Superscope, Inc.*, 39 Cal.3d 18, 30, 216 Cal.Rptr. 130, 702 P.2d 212 (1985) (" '[S]omething more than nonperformance is required to prove the defendant's intent not to perform his promise.") (citations omitted). Given our resolution of the appeal, we need not address any of the other arguments raised by Appellants.

AFFIRMED in part; REVERSED in part; and REMANDED.